UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
IN THE MATTER OF THE COMPLAINT     :
 :
    -of-     :
 :            REPORT AND
 :      RECOMMENDATION
DO YOUNG PARK, as Owner     :
of M/V INTO THE BLUE, a     :     22-CV-5792 (NRM)(MMH)
2005, 30-foot Grady White Marlin WA motorboat     :
for Exoneration from or Limitation of Liability,     :
 :
                Petitioner.     :
 :
---------------------------------------------------------------- x

**MARCIA M. HENRY**, United States Magistrate Judge:

       Petitioner Do Young Park filed this admiralty action for exoneration from or limitation of liability for a September 2021 incident involving his motorboat. (*See generally* Compl., ECF No. 1.)[1] Before the Court is proposed claimant Jihyun Lee's motion for extension of time to file a late claim, pursuant to Rule F(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture. (Mot., ECF No. 14.) The Honorable Nina R. Morrison referred the motion for report and recommendation. For the reasons stated below, the Court respectfully recommends that the motion should be **granted**.

## I.    <u>BACKGROUND</u>[2]

       Park owns the M/V INTO THE BLUE, a 2005, 30-foot Grady White Marlin WA motorboat (the "Vessel"). (Compl., ECF No. 1 ¶ 5.) On September 18, 2021, the Vessel was

---

[1] All citations to documents filed on ECF are to the ECF document number (*i.e.*, "ECF No. ___") and pagination "___ of ___" in the ECF header unless otherwise noted.

[2] The Court relies on the Complaint (ECF No. 1) and the parties' submissions on the motion, including Lee's Motion for Extension of Time to File Claim (ECF No. 14) ("Mot."), and Petitioner's Response in Opposition (Opp., ECF No. 15.)

upon the navigable waters of the United States in the vicinity of Brooklyn, New York when she was struck by a wave, which caused the occupants of the Vessel to fall onto its deck (the "Incident"). (*Id.* ¶¶ 6, 8.) Approximately two months later, in December 2021, Jiyhun Lee, a guest on the Vessel, filed a complaint in state court,[3] alleging injury arising from the Incident. (*Id.* ¶¶ 9–10.)

Park commenced this action on September 28, 2022. (Compl., ECF No. 1.) On November 22, 2022, the Court issued an Order (the "Limitation Order") directing "all persons, firms, entities or corporations, having any claim or suit against the Petitioner or its vessel with respect to which the Complaint seeks exoneration from or limitation of liability" to file those claims by December 30, 2022, or suffer default. (ECF No. 8 at 2–3.) The Limitation Order further enjoined the commencement or further prosecution of any action or the assertion of any claims regarding the Incident, except in this action. (*Id.* at 3–4.) Pursuant to the Order, the Clerk of Court issued a Notice to all potential claimants regarding the December 30, 2022 deadline. (ECF No. 9.) The Notice was published weekly in the *South Shore Tribune* newspaper over a four-week period. (ECF No. 12.) Copies of the Notice and Limitation Order were mailed to proposed claimants, including counsel for Lee. (ECF Nos. 10–11.)

On March 10, 2023, Lee moved for an extension of time to file a claim and/or answer Park's complaint, in the interest of justice. (*See generally* Mot., ECF No. 14.) Park opposed on March 17, 2023, arguing that Lee failed to provide any good cause to modify the Limitation Order or the claim filing deadline. (Opp., ECF No. 15 at 1.) The Court reserved decision after oral argument. (June 23, 2023 Min. Entry.)

---

[3] *Jihyun Lee v. Do Young Park et al.*, Index No. 728287/2021 (Queens Cty. Sup. Ct.) ("*Lee*").

## II.    **DISCUSSION**

The Limitation of Liability Act allows "the owner of a vessel to file a petition in federal court seeking total exoneration from or limitation of liability for damages caused by the negligence of his captain or crew." *In re Germain*, 824 F.3d 258, 263–64 (2d Cir. 2016) (cleaned up).  In such cases, under the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Court must issue a notice to "all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice."  Fed. R. Civ. P. Supp. R. Admiralty F(4).  The time within which claims may be filed may be enlarged "[f]or cause shown[.]"  *Id.*

"The determination of whether to enlarge the period for the filing of claims is entrusted to the court's discretion."  *In re McAllister Towing & Transp. Co., Inc.*, No. 12-CIV-2505 (HBP), 2014 WL 5090024, at *3 (S.D.N.Y. Oct. 10, 2014).  In the Second Circuit, "'so long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims . . . upon a showing of reasons therefore.'"  *In re Tappan Zee Constrs., LLC*, No. 19-CV-1411, 2018 WL 1183711, at *2 (N.D.N.Y. Mar. 6, 2018) (citing *Sagastume v. Lampsis Nav. Ltd., Drosia*, 579 F.2d 222, 224 (2d Cir. 1978)).  "[T]he court can grant an extension whenever an examination of all the relevant facts shows that it will serve the ends of justice.  Specifically, a showing that no party will be prejudiced by permitting an extension, even with a weak showing of excusable neglect, is sufficient."  *New York State Marine Hwy. Transp., LLC v. New York State Dep't of Transp.*, 459 F. Supp. 3d 470, 474 (N.D.N.Y. 2020) (cleaned up).

Here, Lee's showing of excusable neglect is quite weak.  (*Id.*)  It is undisputed that Park mailed a copy of the Notice to Lee's attorneys on November 23, 2022, and that the Notice was published weekly for four weeks in December 2022.  (ECF Nos. 10, 12.)  According to Lee, her counsel did not receive a hard copy of the Limitation Order via mail because of a "clerical error."  (*See* Mot., ECF No. 14 at 1.)  Lee further claims she did not learn that the December 30, 2022 deadline had lapsed until February 27, 2023, when her counsel contacted Park's attorneys for other discovery matters.  (*See id.* at 1.)  Lee offers no substantiation of this "clerical error" other than insisting that counsel has no record of receiving the Limitation Order.  At oral argument, Park asserted that Lee's counsel received an electronic notification from the state court system when Park's attorneys informed the state court about the Limitation Order's injunction prohibiting further actions involving the Incident.  (*See* Opp., ECF No. 15 at 2–3.)  In response, Lee's counsel insisted that the electronic notification was not a formal "notice" that would have alerted him to the filing deadlines.[4]

On the other hand, there is no demonstrable prejudice to any party if Lee files a late claim or response to the Complaint.  *See In re Tappan Zee Constrs.*, 2018 WL 1183711, at *3. The action is in the early stages, no trial is scheduled, and discovery has not yet started.  *See, e.g.*, *In re Complaint of M.V. President Kennedy, Ltd.*, No. 98-CIV-8126 (CSH), 2000 WL 351425, at *3 (S.D.N.Y. Apr. 5, 2000) (allowing late claim filed one month after the deadline where discovery would not be impacted).  No other claimants have attempted to assert

---

[4] The Court takes judicial notice that, in the state court action, Park's counsel filed a letter on December 2, 2022, describing and attaching a copy of the Limitation Order.  (*Lee*, N.Y.S. E.C.F. No. 11.)  However, the related docket entry states, "Letter/Correspondence to Judge," not "Notice."  (*See id.*)

themselves in this action.  In contrast, Lee moved for leave to file the late claim on March 10, 2023, within two weeks of her claimed date of notice (February 27, 2023) and fewer than three months after the December 30, 2022 deadline.  (*See id.*)  Courts have permitted late claims filed after similarly minor periods of delay.  *See In re Bartin Deniz Nakliyati*, No. 87-CV-455 (JMM), 1989 WL 128581, at *7 (E.D.N.Y. July 10, 1989) (allowing late claim filed four months after the deadline); *cf. In re McAllister*, 2014 WL 5090024, at *5 (denying late claim filed two years after claimant received notice).  Moreover, equitable considerations support the filing of a late claim given the extent of Lee's injuries, which require surgery and extensive medical care.  (Compl., ECF No. 1 ¶ 10; Mot., ECF No. 14 at 1.)  For all these reasons, the Court finds that permitting Lee to file a late claim or answer to the Complaint serves the ends of justice.[5]

## III.  **CONCLUSION**

Based on the foregoing, the Court respectfully recommends that the motion at ECF No. 14 should be **granted**.  Specifically, the Court should permit Lee to file a claim and/or answer the Complaint pursuant to Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions no later than 14 days from the date of the order adopting this Report and Recommendation, if any.

A copy of this Report and Recommendation is being served on all parties via ECF. Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  Any requests

---

[5] That said, as Park's counsel noted at oral argument, the Limitation Order's filing deadline is expired and all other potential claims are time-barred.  The Court's finding as to Park does not extend to any other potential claimant absent "cause shown".  Fed. R. Civ. P. Supp. Admiralty R. F(4).

for an extension of time to file objections shall be directed to Judge Morrison.  If a party fails

to object timely to this Report and Recommendation, it waives any right to further judicial

review of this decision.  *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
January 9, 2024

   /s/Marcia M. Henry        
MARCIA M. HENRY
United States Magistrate Judge